United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John C. Shekerjian,  Case No. 07-55859-R
        Debtor.  Chapter 7
_____/

Opinion Regarding Debtor's Motion for Disgorgement
And Fee Application Filed by Debtor's Attorneys

I.

On August 13, 2007, the debtor filed a petition for chapter 11 relief. The debtor retained Scott Smith, Jack Wolfe and Smith & Wolfe, PLLC as his legal counsel. On August 28, 2007, Smith & Wolfe, PLLC filed a Statement of Attorney Compensation pursuant to Rule 2016(b), which stated that Janet Shekerjian had paid them a retainer, on behalf of her husband, in the amount of $3,061.00, plus $1,039.00 for filing fees.

More than a month after filing the case, on September 23, 2007, Smith & Wolfe filed an application for employment. The application stated that Smith & Wolfe had been paid $5,000.00 in fees incurred in connection with services rendered relating to the debtor's bankruptcy filing, plus $1,039.00 for the filing fee. On October 31, 2007, the Court entered an order authorizing Smith & Wolfe's employment.

On April 15, 2008, the Court entered an order disqualifying Smith & Wolfe, retroactively effective November 1, 2007, due to a conflict of interest in violation of 11 U.S.C. § 327. The order also converted the case to chapter 7.

On April 25, 2007, Smith & Wolfe filed a motion for reconsideration of the order of disqualification because § 327 no longer applied upon conversion of the case to Chapter 7. On May

19, 2008, the Court granted the motion and authorized Smith & Wolfe to represent the debtor in the chapter 7 proceeding after April 15, 2008.

On August 7, 2008, Smith & Wolfe filed a motion to withdraw as the debtor's attorney. The motion was granted September 10, 2008.

On April 2, 2009, the debtor filed a motion for disgorgement of fees because Smith & Wolfe never filed a fee application. On May 11, 2009, Smith & Wolfe filed a fee application, seeking fees in the amount of $7,878.75 for the period of August 13, 2007 through November 1, 2007 and April 18, 2008 through September 8, 2008. The application indicated that a $3,061.00 retainer was received and was being held in a client trust account.

On May 27, 2009, Smith & Wolfe filed an amended fee application. This application sought fees in the amount of $10,183.75 and indicated that the attorneys had received a flat fee of $5,000.00 for pre-petition services.

The debtor objected to the fee application on the basis that it was untimely. The debtor also argued that the services of Smith & Wolfe did not benefit the estate.

On June 15, 2009, nearly two years after the case was filed, Smith & Wolfe filed a new Rule 2016(b) statement indicating that it had received a $5,000.00 flat fee payment for pre-petition services.

II.

The inconsistencies in the attorneys' fee applications and the Rule 2016(b) statements are inexplicable and inexcusable. Smith & Wolfe filed its initial fee application on May 11, 2009 seeking $7,878.75 in fees, less a $3,061.00 retainer. The fee application indicated that the retainer was being held in the firm's client trust account. Smith & Wolfe then filed an amended fee

application on May 27, 2009 seeking total compensation of $10,183.75, less a $5,000.00 flat fee received for pre-petition bankruptcy related services. However, the itemization of services only amounts to $5,183.75 and does not include any pre-petition time entries. Curiously, several time entries, totaling $2,805.00, which were included in the original fee application, were not included in the amended application. Smith & Wolfe makes no attempt to reconcile these discrepancies.

More troubling, however, is Smith & Wolfe's change in position regarding the nature and amount of the funds it has already received. As noted, the initial Rule 2016(b) statement, filed on August 28, 2007, indicated that a $3,061.00 retainer had been paid. Two years later, on the day of the hearing on these motions, June 15, 2009, Smith & Wolfe filed a new Rule 2016(b) statement indicating that a $5,000.00 flat fee, rather than a retainer, had been paid.

The Court concludes that Smith & Wolfe's change in position lacks credibility and appears to be a blatant attempt to avoid obtaining court approval for the payment of the fees received, as required under 11 U.S.C. § 330.

Moreover, Smith & Wolfe was required to hold all of the funds it received in trust until it received court approval. *In re Doors & More, Inc.*, 127 B.R. 1001 (Bankr. E.D. Mich. 1991); *In re Pedersen*, 229 B.R. 445, 449 (Bankr. E.D. Cal. 1999) ("Until the court has approved a fee application, any pre-petition retainer, flat-fee, or advance payment of fees for post-petition services must be held in trust.") (citing *In re C & P Auto Transp., Inc.*, 94 B.R. 682, 686 (Bankr. E.D. Cal. 1988)). The record here establishes that instead, Wolfe used the $5,000.00 paid by the debtor's wife for a personal expense - a private school tuition bill, and misrepresented that it was held in the firm's client trust account.

III.

The Sixth Circuit has stated that, "the bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully." *Mapother & Mapother P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 479 (6th Cir. 1996). This Court stated in *In re Florence Tanners, Inc.*, 213 B.R. 129, 132 (Bankr. E.D. Mich. 1997), aff'd in part, vacated in part on other grounds, remanded by *Halbert v. Yousif*, 225 B.R. 336 (E.D. Mich. 1998), appeal dismissed, *In re Yousif*, 201 F.3d 774 (6th Cir. 2000), "In every bankruptcy case, debtor's counsel must understand that matters of disclosure and payment of fees affect the administration of justice in fundamental ways, and therefore must be addressed with the greatest seriousness, caution, and deliberation." *See also O'Connell v. Mann* (*In re Davila*), 210 B.R. 727, 733 (Bankr. S.D. Tex. 1996) ("Failure to disclose a fee arrangement under 11 U.S.C. § 329 or filing a false statement under Rule 2016(b) warrants denial of attorney fees."); *In re Meyers*, 169 B.R. 273, 275 (Bankr. D.R.I. 1994) (All compensation was denied because the Rule 2016(b) statement contained "misleading and confusing information as to the amount of retainer received.").

The Court concludes that Smith & Wolfe has demonstrated a pattern of conduct relating to its fees that establishes a "willful disregard of [its] fiduciary obligations to fully disclose the nature and circumstances of [its] fee arrangement under § 329 and Rule 2016." *Downs*, 103 F.3d at 479. Accordingly, its fee application is denied and within 28 days, it shall disgorge to the debtor and the debtor's wife the $5,000.00 payment that it received.

It is so ordered.

Not for Publication

**Signed on September 21, 2009**

                                                              /s/ Steven Rhodes
                                                 **Steven Rhodes**
                                                 **United States Bankruptcy Judge**